United States District Court
Southern District of Texas

**ENTERED**

May 31, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

VICTOR MANUEL RIVERA, JR., *and* §
VICTOR MANUEL RIVERA, SR., §
§
    Plaintiffs, §
§
VS. §     CIVIL ACTION NO. 5:20-CV-210
§
KARRIERS, INC., *and* JON §
EDWARD BEHLE, §
§
    Defendants. §

**ORDER**

When Jon Edward Behle allegedly made an improper turn, he struck a vehicle owned by Victor Manuel Rivera, Sr., but operated by Victor Manuel Rivera, Jr. (Dkt. No. 1-1 at 2, 6). The Riveras sued Behle and his employer in state court, and the Defendants removed the lawsuit based on diversity jurisdiction (Dkt. No. 1).

Diversity jurisdiction requires that a lawsuit concern an amount in controversy exceeding $75,000, exclusive of interest and costs, and that there is complete diversity among the parties. *See* 28 U.S.C. § 1332(a)(1). "[E]ach plaintiff must individually meet the statutory amount-in-controversy; when multiple plaintiffs' claims are joined together in the same lawsuit, one plaintiff cannot 'ride in on another's coattails.'" *Rovia, LLC v. Viva Voyage, LLC*, No. 4:20-cv-633, 2020 WL 7396525, at *2 (E.D. Tex. Dec. 16, 2020) (quoting *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973)). That is, "[e]ach plaintiff invoking [diversity jurisdiction] must separately allege damages that exceed $75,000." *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995)). However, if "two or more plaintiffs unite to enforce a single title or right in

which they have a common and undivided interest," multiple plaintiffs can aggregate their alleged damages to satisfy the amount in controversy. *R & H Oil*, 63 F.3d at 1330 (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)).

Initially, the Court could exercise diversity jurisdiction over Rivera Jr.'s claims, as his alleged damages ranged between $200,000 to $1,000,000 (Dkt. No. 1-1 at 5). Rivera Sr., however, sought $1,781.18 in damages to repair his car (Dkt. No. 1-1 at 6; Dkt. No. 34 at 2). Because Rivera Sr.'s claim fell below the jurisdictional amount and the exception allowing aggregation did not apply, the Court relied on supplemental jurisdiction to hear Rivera Sr.'s claim. *See* 28 U.S.C. § 1367.

After Rivera Jr. filed a Rule 41(a) stipulation of dismissal with Defendants, the Court asked the parties whether the stipulation divested the Court of subject matter jurisdiction over this action (Dkt. Nos. 31, 36). Even if subject matter jurisdiction was not divested, the Court queried whether it should continue to exercise supplemental jurisdiction over Rivera Sr.'s claims (*id.*). *See also Cano v. Garcia*, No. 21-50742, 2022 WL 1548671, at *2 (5th Cir. May 16, 2022) (noting a district court "may decline to exercise supplemental jurisdiction . . . where it has dismissed claims over which it had original jurisdiction").

The parties then submitted their supplemental materials (Dkt. Nos. 40, 41). Defendants' brief argued the Court could continue exercising diversity jurisdiction over Rivera Sr.'s claims (Dkt. No. 41). As explained above, the Court never had diversity jurisdiction over Rivera Sr.'s claims. Defendants' arguments are therefore misplaced. Rivera Sr., on the other hand, submitted a persuasive and well-cited brief arguing for remand.

Having considered the parties' arguments, this matter is hereby **REMANDED** to the 341st Judicial District Court of Webb County, Texas. The Clerk of Court is **DIRECTED** to **TERMINATE** all pending motions and **CLOSE** this civil action.

It is so **ORDERED**.

**SIGNED** May 31, 2022.

                                        _____
Marina Garcia Marmolejo
United States District Judge